1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA HERRERA,                          No.  2:20-cv-1106 CKD P

12                 Plaintiff,

13        v.                                   ORDER

14   STEVIE MOBLEY, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19   636(b)(1) and plaintiff has consented to have all matters in this action before a United States

20   Magistrate Judge.  See 28 U.S.C. § 636(c).

21        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

22   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   /////

                                           1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3       The court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8       When considering whether a complaint states a claim upon which relief can be granted,

9  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

10 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

11 U.S. 232, 236 (1974).

12      In his complaint, plaintiff asserts that he is serving sentence of 19 years imprisonment

13 pursuant to a conviction entered before he turned 25.  Plaintiff also asserts he has been in custody

14 since May 9, 2003.  Plaintiff claims that these facts rendered him eligible for parole under Cal.

15 Penal Code § 3051(b)(1) beginning in May of 2017.  Plaintiff asserts that his rights arising under

16 federal law have been violated and are being violated because he has not yet received a parole

17 hearing.  Plaintiff seeks injunctive relief and damages.

18      However, it appears to the court that pursuant to Cal. Penal Code § 3051.1(b) the parole

19 authority is granted until December 31, 2021 to complete plaintiff's parole hearing.  Also, from

20 documents attached to plaintiff's complaint, it appears that plaintiff had a parole hearing on

21 October 16, 2020.  ECF No. 1 at 33.

22      Since plaintiff has now received a parole hearing, his request for injunctive relief appears

23 to be moot.  As for damages, there does not appear to be any violation of law to support damages.

24 Accordingly, plaintiff's complaint must be dismissed.  The court will, however, grant plaintiff

25 one opportunity to state a claim upon which relief can be granted in an amended complaint.

26      If plaintiff elects to file an amended complaint, plaintiff is informed that in order avoid

27 dismissal for failure to state a claim a complaint must contain more than "naked assertions,"

28 "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell

2

1   <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals

2   of the elements of a cause of action, supported by mere conclusory statements do not suffice."

3   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

4        Also, plaintiff must demonstrate how the conditions complained of have resulted in a

5   deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

6   To the extent plaintiff wishes to assert a claim under the Equal Protection Clause of the

7   Fourteenth Amendment, plaintiff must plead facts suggesting he has been treated differently from

8   others with whom he is similarly situated and that the unequal treatment was the result of

9   intentional or purposeful discrimination.   <u>Freeman v. Arpaio</u>, 125 F.3d 732, 737 (9th Cir. 1997).

10       Finally, plaintiff is informed that court cannot refer to a prior pleading in order to

11   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This is because, as a

13   general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

14   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17       In accordance with the above, IT IS HEREBY ORDERED that:

18       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4 & 7) is granted.

19       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

20   shall be collected and paid in accordance with this court's order to the Director of the California

21   Department of Corrections and Rehabilitation filed concurrently herewith.

22       3.  Plaintiff's complaint is dismissed.

23       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

24   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

25   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

26   number assigned this case and must be labeled "Amended Complaint."  Failure to file an

27   /////

28   /////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  January 14, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
herr1106.14