UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HERRERA, | No. 2:20-cv-1106 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| STEVIE MOBLEY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

     Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On January 14, 2021, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

     The allegations in plaintiff's amended complaint are essentially the same as in his original complaint. Plaintiff is serving sentence of 19 years imprisonment pursuant to a conviction entered before he turned 25. He has been in custody since May 9, 2003. Plaintiff claims that

these facts rendered him eligible for parole under Cal. Penal Code § 3051(b)(1) beginning in May of 2017.

As noted in the original screening order, pursuant to Cal. Penal Code § 3051.1(b) the parole authority was granted until December 31, 2021 to complete plaintiff's parole hearing. Plaintiff had a parole hearing on October 16, 2020.

To the extent plaintiff claims it was a violation of law to delay his parole hearing until October 16, 2020, the facts alleged do not suggest as much. Plaintiff alleges a violation of his Fourteenth Amendment rights to due process but does not elaborate and no violation is apparent. He also alleges a violation of the Equal Protection Clause but fails to point to anything suggesting discrimination. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (Equal Protection Clause generally protects against unequal treatment as a result of intentional or purposeful discrimination).

For these reasons, the court will recommend that plaintiff's amended complaint be dismissed. The court does not grant leave to amend a second time as that appears futile given the instructions given to plaintiff as to the contents of his amended complaint, and the contents of the amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

/////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 16, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
herr1106.frs